United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 08-10291-NMG |
| **GREGORY MANUELIAN,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

On September 30, 2008, defendant Gregory Manuelian ("defendant" or "Manuelian") was charged in a twelve-count indictment with wire fraud, in violation of 18 U.S.C. § 1343, and forgery of customs forms, in violation of 18 U.S.C. § 496. Defendant pled guilty in November, 2009, and in February, 2010, this Court entered a judgment against defendant, sentencing him to 24 months imprisonment followed by 36 months of supervised release.

Defendant was ordered to pay a $1,200 special assessment and $1,188,886.97 in criminal restitution to the victim of his crime, Analogic Corporation ("Analogic"). In June, 2010, this Court denied defendant's motion to modify his sentence in which he asked the Court to relieve him of his obligation to pay interest on the restitution.

-1-

In June, 2017, defendant filed a motion to clarify the restitution order and enjoin Analogic from foreclosing on his residence.  Analogic responded with a letter filed in August, 2017 and the government filed its response in September, 2017. For the reasons that follow, the motion to clarify the restitution order will be allowed, with respect to defendant's request for clarification, but denied, with respect to his motion to enjoin Analogic from continuing its foreclosure proceeding.

I. **Background and Procedural History**

The restitution order in this case requires defendant to pay $1,188,886.97 to Analogic according to a court-ordered repayment schedule.  In November, 2010, the government moved for enforcement against defendant's assets by applying for a writ of garnishment against his Individual Retirement Accounts ("IRA") held by garnishee, JPMorgan Chase Bank NA.  The Court held a garnishment hearing in December, 2011 and entered a garnishee order in July, 2012.  In addition, upon his release from imprisonment, defendant was ordered to pay restitution at a rate of 10% of his gross monthly income.

Pursuant to 18 U.S.C. § 3664(m)(1)(B), Analogic has registered this Court's judgment with the United States District Court for the Eastern District of New York ("the Eastern

District"), commencing a separate civil action to enforce the restitution order entered against defendant.  Defendant owns real property in that district and, as of the time of his motion, resides in the district.  In March, 2014, the Eastern District granted Analogic's motion for summary judgment as to its claim that defendant had fraudulently conveyed an interest in real property ("the property") to himself and his wife as tenants by the entirety.  That conveyance was set aside to the extent necessary to satisfy the restitution order.

In February, 2017, defendant moved in the Eastern District for a temporary restraining order to prevent the sale of the property contending that he did not receive notice of the sale. The Eastern District issued an order denying the motion for a temporary restraining order in which it stated that the payment schedule established by this Court did not

> limit Analogic Corporation's right to use any and all
> lawful remedies to collect [the restitution amount].

Shortly thereafter, Analogic filed a notice that it had reached a stipulation postponing the execution sale of the property in contemplation of the funding of a settlement.  In May, 2017, Analogic moved for an order authorizing the United States Marshal's Service to re-schedule the sale of the property

because of defendant's failure to commit the funds promised under parties' agreement.

## II. Motion for Clarification of Restitution Order and to Enjoin Analogic from Selling the Property

In his motion, styled as a motion for clarification of the restitution order, defendant seeks to (1) establish that the interest rate on the restitution be set at the standard federal rate at the time of the judgment, 0.36% and (2) enjoin Analogic from the sale of defendant's property.

In response to defendant's motion, the government states that, as to the United States, the applicable interest rate for the restitution order is 0.36%. The government further contends that it takes no position as to whether the same interest rate applies when a victim commences a separate civil action against a defendant under the Mandatory Victim Restitution Act of 1996 ("MVRA").

Restitution is a mechanism for making a victim whole by "restoring the monetary equivalent of losses suffered in consequence of the defendant's criminal activity". United States v. Salas-Fernandez, 620 F.3d 45, 48 (1st Cir. 2010). Pursuant to the MVRA, district courts have the discretion to order restitution "in addition to or in lieu of, any other penalty authorized by law" to the victim of defendant's criminal

activity. 18 U.S.C. § 3663A(a)(1).  Under that statute, a victim named in a restitution order can register a judgment in another jurisdiction and

> the abstract of judgment shall be a lien on the property of the defendant located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.

18 U.S.C. § 3664(m)(1)(B).  The MVRA establishes that interest on any fine or restitution of more than $2,500 is computed at a rate equal to the rate of 52-week Treasury bills for the week preceding the first day on which the defendant is liable for interest. 18 U.S.C. § 3612(f)(1-2).

As this Court stated in its December, 2016 order granting the motion for writ of garnishment and as the government acknowledges, the applicable post-judgment interest rate on the Court's restitution order is 0.36% per annum.  The circumstances surrounding the dispute over the interest rate are unclear from defendant's motion.  In his motion, defendant states that

> Analogic has apparently taken the position with the courts of New York that the interest is accruing at the New York state rate of 9%.

Defendant's motion does not, however, direct this Court to any filing made by Analogic in any of the four related civil suits which advances that position.  Furthermore, although Analogic is not a party to this criminal action, it submitted a response to

defendant's motion in which it attached a filing made in the Eastern District notifying that court of defendant's motion here. In that response, Analogic states that

> there is no dispute about the post-judgment interest rate. The Notice of Lien filed in New York by the Government indicates it is the applicable federal post-judgment rate, .36%.

As to defendant's request that this Court enjoin Analogic from moving forward with the sale of the property, defendant's motion appears to be a last-ditch attempt to re-litigate the Eastern District's order denying its motion for a temporary restraining order. Defendant contends that a victim does not have the power to enforce an order of restitution (without citing a case suggesting that the MVRA prevents such enforcement).

Contrary to defendant's assertion, a victim has the power to enforce a restitution order because the

> statute clearly gives victims the right to self-help in collecting restitution ordered for their benefit under the MVRA, via the specific mechanism described therein.

Schultz v. United States, 594 F.3d 1120 (9th Cir. 2010). The MVRA expressly provides for the enforcement of a restitution order by a victim and a district court's decision to implement the schedule of payments with respect to the restitution order does not interfere with that right. See United States v. Walker,

353 F.3d 130, 133 (2d Cir. 2003) (noting that the MVRA "substantially diminished the discretion of sentencing courts in fashioning restitution orders" because, although sentencing courts retain the power to schedule payments, "[t]he significance of that schedule is diminished [] by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order").

Analogic properly sought to enforce the restitution order in this case through a separate action in the Eastern District. See e.g., United States v. Dubose, 146 F.3d 1141, 1144 (9th Cir. 1998) (holding that the MVRA allows for the victim to obtain a lien on the property of defendant "located in such State in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State"). Accordingly, the Eastern District has the power to enforce that judgment and defendant cites to no authority suggesting otherwise. Defendant's request to enjoin Analogic from the sale is an apparent attempt to circumvent the Eastern District's decision not to enjoin the sale of the property on a motion in that court. Accordingly, defendant's motion to enjoin Analogic from the sale of the property will be denied.

## ORDER

For the foregoing reasons, plaintiff's motion for clarification (Docket No. 61) is **ALLOWED,** with respect to his request for clarification on the applicable interest rate which is found to be 0.36% per annum, but **DENIED**, with respect to his request to enjoin Analogic from the sale of defendant's property.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton\_\_\_\_\_
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated February 7, 2018